# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS, INDIANA

| | |
|---|---|
| LATOYA HUNTER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:21-CV-2425 |
| | ) |
| ENLIVANT MANAGEMENT CO LLC | ) |
| d/b/a WILLOW LAKE | ) |
| | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

### JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on June 24, 2021.

### PARTIES

3. Plaintiff is an African-American female and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff is a 41-year-old African American female.

6. Plaintiff was hired by Willow Lake Place in September of 2020 as a CNA.

7. Plaintiff performed my job well.

8. Plaintiff was one of the only CNAs over 40, and the only over-40 CNA on the floor.

9. At the beginning of January, 2021, Plaintiff was at the end of her classes to received my QMA certification, and she asked management about taking practical exam and beginning supervision under one of the nurses at Defendant.

10. Plaintiff's manager did not respond to her inquiries through email, and when Plaintiff asked her about supervision, her managed stated she did not want Plaintiff to work under her license.

11. Plaintiff's supervisor required her to train all the new CNAs and home health aides because of her experience and skill.

12. On February 26, 2021, after a meeting, a twenty-one-year-old home health aide whom Plaintiff had previously trained, began making disparaging remarks towards Plaintiff such as telling Plaintiff to "act my age" that Plaintiff was a "snitch" and that she was going to call her mother so she could come to the center and "whoop my [Plaintiff's] ass" in front of a manager.

13. Plaintiff was upset by the interaction, but she did not want to engage with her, so she went downstairs to finish her shift.

14. Plaintiff's manager was told about the incident and Plaintiff's manager then directed Plaintiff to clock out and leave the building.

15. Days later, management called Plaintiff and told her that she was being terminated for conduct, in particular Plaintiff was being terminated for her interaction with her co-worker.

16. However, her younger co-worker who started the altercation was not terminated.

17. A similarly situated younger employees have engaged in conduct of comparable seriousness but they have not been terminated.

18. Plaintiff was terminated due to her age.

## COUNT I

19. Plaintiff incorporates by reference paragraphs 1- 18.

20. Defendant, as a result of terminating Plaintiff due to her age, violated Title VII 42 U.S.C. § 2000 et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

    A. Award Plaintiff back pay and benefits lost;

    B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

    C. Award Plaintiff punitive damages;

    D. Award Plaintiff his cost in this action and reasonable attorney fees;

    E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

                                                                     Respectfully Submitted

                                              s//Amber K. Boyd
                                              Amber K. Boyd 31235-49
                                              Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

                                              Respectfully Submitted

                                              s//Amber K. Boyd
                                              Amber K. Boyd 31235-49
                                              Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416